[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 31 October 1997 Date of Application: 20 November 1997 Date Application Filed: 20 November 1997 Date of Decision: 24 October 2000 CT Page 15007
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford at Enfield.
Docket No. CR96-1-1927, CR96-102568.
Brian Karpe, Esq., for the petitioner.
Victor Carlucci, Esq., for the State of Connecticut.
BY THE DIVISION
The petitioner was convicted by plea to Violation of Probation, in violation of Conn. Gen. Statute 53a-32; Failure to Appear 1st in violation of Conn. Gen. Statute 53a-172; Possession with Intent to Sell in violation of Conn. Gen. Statute 21a-277(b); Failure to Appear in violation of Conn. Gen. Statute 53a-172; and, Sexual Assault 2nd in violation of Conn. Gen. Statute 53a-71.
The Court imposed a sentence of twelve years; execution suspended after serving six years of which nine months are mandatory and ten years of probation.
The facts show the petitioner admitted that he had a sexual encounter with a 15 year old girl when he was 20 years old. While that case was pending the petitioner failed to appear for a Court appearance after a motion to revoke his supervision status by the Connecticut Prison Association was filed. The third offense was that the Enfield police noticed the petitioner parked in his car and while searching the motor CT Page 15008 vehicle they found a large amount of marijuana that looked like the petitioner was going to sell. The petitioner also was charged with a separate count of Failure to Appear on the possession count.
At the hearing counsel for the petitioner offered a novel reason for asking this panel to reduce the petitioner's sentence. Counsel felt that the Court offered a sentence of twelve years suspended after serving five at a pretrial hearing. Counsel claimed that the petitioner refused this offer because he was mad at him. The petitioner finally accepted the next offer from the same judge who offered the original sentence. However, when the judge imposed the sentence he added another year on the time the petitioner was to serve before suspension. Counsel felt that this increase of one year was unfair and that the same conditions existed when his client was sentenced as when he refused the first offer.
Petitioner, when he addressed the panel, indicated that he was ready to go home and become a model citizen. He felt under the circumstances that he deserved a lesser sentence and asked the panel to reduce the sentence imposed.
The attorney for the state noted that the argument that the petitioner receive the same sentence he initially refused at pre-trial was contrary to the way the process works. Offers made at pre-trial are a significant way to allow the system to avoid lengthy trials. However, unless designated as a continuous offer no one can claim the original offer unless the Court consents. Here the Court reasonably imposed an additional one year when viewing the totality of the facts and track record of the petitioner. Noting that the petitioner had a sexual assault and risk of injury conviction previously, counsel felt that the sentence imposed was fair and asked for an affirmance by the panel.
In reviewing the arguments of the petitioner we find no substance to the argument that the additional one year to the offered sentence and rejected sentence was unfair. In this case that sentencing Court looked at the circumstances as he found them at the time of sentence. Here the Court had included prior criminal convictions, the nature of the charges and the effects on the young victims. The Court at the time of sentencing can take into consideration that the original offer was insufficient and imposed that additional time and be fair, rational, and appropriate. Pursuant to Practice Book 43-23 we find the sentence imposed in accordance with the required mandates.
The Sentence is AFFIRMED.
KLACZAK, J. CT Page 15009
NORKO, J.
MIANO, J.
Judges Miano, Klaczak, and Norko participated in this decision.